UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 24-tp-20003-MOORE

UNITED STATES OF AMERICA,

    Plaintiff,

v.

SETH GILLMAN,

    Defendant.

_____/

## **REPORT AND RECOMMENDATION ON SUPERVISED RELEASE VIOLATION**

THIS MATTER came before the Court for a revocation hearing on March 19, 2024, upon a Petition on Probation and Supervised Release as to Defendant Seth Gillman. [ECF No. 17]. This matter was referred to the Undersigned by the Honorable K. Michael Moore, United States District Court Judge, to take all necessary and proper action as required by law with respect to any violations of Supervised Release as to Defendant, pursuant to 28 U.S.C. § 636 and the Magistrate Rules of the Local Rules of the Southern District of Florida. [ECF No. 15].

Defendant was convicted in the Northern District of Illinois for health care fraud, in violation of 18 U.S.C. § 1347. *See USA v. Gillman*, 1:14-cr-33, [ECF No. 184 at 4]. There, a district judge sentenced Defendant to seventy-eight months imprisonment followed by twenty-four months of supervised release with special conditions. These conditions included paying restitution to the victims of the offense, providing Defendant's probation officer with access to any requested financial information necessary to monitor compliance, and paying any financial penalty imposed by the judgment that remains unpaid at the commencement of the term of supervised release. *Gillman*, 1:14-cr-33, [ECF No. 378 at 3–8].

1

Defendant commenced his supervised release in the Southern District of Florida, where he failed to comply with his supervised release requirements. *Id.* at 2–3.

The violations alleged in the Petition are as follows:

1. **Violation of Discretionary Condition**, by failing to pay restitution. Defendant was in arrears in his restitution payments by the amount of $3,565.00.

2. **Violation of Special Condition**, by failing to provide a probation officer with access to requested financial information necessary to monitor compliance with conditions of supervised release. Defendant provided probation with replacement paystub and banking statements that had numerous discrepancies. Defendant also created a fictious LinkedIn account—claiming to be the chief investment officer in a business investment company.

3. **Violation of Special Condition**, by failing to pay a financial penalty imposed by the judgment against him. Defendant failed to repay ten percent of his monthly income towards his financial penalty as required in his judgment of conviction.

*Id.* at 3–4.[1]

At the revocation hearing, all parties, including counsel for the United States, United States Probation Officer Betty Menendez-Aponte, Defendant, and Defendant's counsel appeared. At the start of the hearing, Defendant indicated his intention to admit to all three violations. The Undersigned placed Defendant under oath and questioned him, following which the Undersigned determined that Defendant is fully competent and capable of making an informed decision and that his admission to violations 1, 2, and 3 is knowing and voluntary. The Undersigned advised Defendant that the maximum statutory penalty the District Judge may impose for Defendant's Grade C Violations, pursuant to 18 U.S.C. § 3583(e)(3) is not more than two years and the maximum term of supervised release that could be re-imposed for a Class C felony is not more than three years under 18 U.S.C. § 3583(b)(2). And, also advised Defendant that his advisory Sentencing Guidelines range, pursuant to U.S.S.G. § 7B1.4(a), is a term of imprisonment of three

---

[1] The Government and Counsel for Defendant agree that Defendant is no longer in arrears and is, at present, in compliance with these conditions of his supervised release.

to nine (9) months, followed by one to three years of supervised release, as set forth in U.S.S.G. § 5D1.2(a)(2).

Defendant acknowledged that he understands the Sentencing Guidelines and has discussed with his attorney the applicable guidelines range and the maximum penalties.

Accordingly, based on the representations of the counsel and the United States Probation Officer on the record, and having had the opportunity to observe and hear directly from Defendant, the Undersigned recommends that the Court set the matter for a final hearing and accept Defendant's admission of guilt as to the allegations set forth in violations 1, 2, 3 as charged in the Petition. *See Gillman*, 1:14-cr-33, [ECF No. 378 at 3–4].

## CONCLUSION

The parties will have five (5) calendar days from the date of this Report and Recommendation within which to file written objections, if any, for consideration by the United States District Judge. Failure to timely file objections will bar a *de novo* determination by the District Judge of anything in this Recommendation and shall constitute a waiver of a party's "right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." 11th Cir. R. 3-1 (2016); 28 U.S.C. § 636(b)(1)(C); *see also Harrigan v. Metro-Dade Police Dep't Station #4*, 977 F.3d 1185, 1191–92 (11th Cir. 2020).

**SIGNED** this 19th day of March 2024.

_____
LISETTE M. REID
UNITED STATES MAGISTRATE JUDGE

cc: **U.S. District Judge K. Michael Moore; and**

**All Counsel of Record**

3